**Marcus D. MIMS, Plaintiff–Appellant,**

v.

**ARROW FINANCIAL SERVICES, LLC, Defendant–Appellee.**

No. 10–12077

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 23, 2012.

Donald A. Yarbrough, Donald A. Yarbrough, Esq., Fort Lauderdale, FL, for Plaintiff–Appellant.

Barbara A. Sinsley, Barron Newburger & Sinsley, PLLC, Lutz, FL, for Defendant–Appellee.

Before EDMONDSON, CARNES and MARTIN, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM:

In our prior decision, *Mims v. Arrow Financial Services, LLC,* 421 Fed.Appx. 920 (11th Cir.2010) (unpublished), we applied our binding precedent holding that Congress had granted state courts exclusive jurisdiction over private actions under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and that federal courts lack subject matter jurisdiction over those lawsuits. *See Nicholson v. Hooters of Augusta, Inc.,* 136 F.3d 1287, 1288–89 (11th Cir.1998), *abrogated by Mims v. Arrow Fin. Servs., LLC,* 565 U.S. ——, 132 S.Ct. 740, 181 L.Ed.2d 881 (2012). Because we were bound by that precedent, we affirmed the district court's judgment dismissing for lack of subject matter jurisdiction Mims' complaint, which alleged that Arrow Financial Services, LLC violated the Telephone Consumer Protection Act. *See Mims,* 421 Fed.Appx. at 921.

The Supreme Court reversed our judgment in the *Mims* case and remanded it to us. *Mims,* 132 S.Ct. at 753. In its *Mims* decision the Supreme Court held

* Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

"that Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits," *id.* at 747, and that "federal law gives rise to the claim for relief Mims has stated and specifies the substantive rules of decision," *id.* at 753. In light of the Supreme Court's decision, the district court's judgment dismissing Mims' complaint for lack of subject matter jurisdiction is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.